■ FRED J. SICHEL, Appellant, v LOUIS POLAK et al., Respondents. [744 NYS2d 328] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about June 19, 2001, which, in an action to rescind a limited partnership agreement and to restore plaintiff's title to the building

constituting the partnership's main asset, (1) referred defendants' accounting to a Special Referee to hear and report, (2) determined that for purposes of the accounting, plaintiff and the three defendants each have a 25% interest in what is to be deemed a de facto general partnership, and (3) denied plaintiff's motion to compel defendants to give him full possession of and a quitclaim deed to the building, and to turn over to him all of the building's books and records and money collected in connection with its operation, with leave to renew after the accounting hearing before the Special Referee, unanimously modified, on the law and the facts, to vacate (2) above, and as to (3) grant plaintiff's motion only to the extent of directing defendant to execute and deliver a quitclaim deed within 10 days of service of a copy of this order with notice of entry, and otherwise affirmed, without costs.

To the extent that the order on appeal suggests that the building be included with the assets to be divided equally among the partners, it contravenes a prior order and judgment of another Justice, affirmed by this Court, awarding plaintiff full title to the building (227 AD2d 192, *lv dismissed* 89 NY2d 860), which shall be delivered forthwith by quitclaim deed. To the extent that the order directs the manner of distribution of partnership assets other than title to the building, it is premature, as the very purpose of the hearing on plaintiff's objections to defendant's accounting, previously ordered by this Court but yet to be conducted, is to assist the court "in ultimately determining the rights and liabilities of the parties" (267 AD2d 123). We have considered and rejected plaintiff's other arguments, as well as defendants' argument that the appeal should be dismissed on the ground that plaintiff was not aggrieved. Concur—Nardelli, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.